# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JERMAINE McKINNEY,
    Plaintiff,

v.                                          Case No. 10-C-0944

SHERIFF ROBERT CARLSON,
DEPUTY SHERIFF ALFRED GEORGE, SGT. STAN FIELDS,
and WISCONSIN MUTUAL INSURANCE COMPANY,
    Defendants,

## ORDER

Plaintiff, Jermaine McKinney, who is incarcerated at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was a pretrial detainee at the Racine County Jail. This matter comes before the court on plaintiff's motion for leave to proceed in forma pauperis, his motion to appoint counsel, and for screening of plaintiff's complaint.

If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.08. I will grant his motion.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted,

or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

On January 10, 2005, plaintiff was housed as a pretrial detainee in the single cell segregation unit at the Racine County Jail. At approximately 5:40 p.m., defendant Alfred George cut off all the water to plaintiff's cell. George then came in and released several bursts of pepper spray into plaintiff's face, body, and extremities, and throughout plaintiff's cell.

Plaintiff has asthma and difficulty breathing normally, let alone after being exposed to pepper spray. Plaintiff begged for medical attention, but George did nothing to help. He kept the water turned off and came back two hours later and released several more bursts of pepper spray. George again refused to turn on the water or provide medical assistance. George returned once more with a 20 inch high cannister of pepper spray and released several more bursts. At approximately 10:30 p.m., George told plaintiff that he might get some water if he begged on his knees and apologized. George was later terminated or resigned due to his conduct.

Plaintiff alleges that his Eighth Amendment rights were violated because: (1) the repeated use of pepper spray was cruel and unusual punishment; (2) the conditions of

confinement (water cut off and use of pepper spray) were unconstitutional; and (3) plaintiff was denied medical treatment for five hours despite urgent and repeated pleas. Plaintiff further contends that George acted outside the pepper spray protocol and violated procedure when he made plaintiff beg for medical treatment and water.

"[T]he constitutional rights of a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment and are distinguishable from an inmate's right not to subjected to cruel and unusual punishment under the Eighth Amendment." Board v. Farnham, 394 F.3d 469, 477 (7th Cir. 2005) "Although the Eighth Amendment does not apply to pretrial detainees, pretrial detainees are entitled to at least as much protection as the constitution provides convicted prisoners." Id. Thus, "plaintiff has the burden of showing that: (1) the harm to the plaintiff was objectively serious; and (2) the official was deliberately indifferent to her health or safety." Id. at 478.

Plaintiff may proceed on a Fourteenth Amendment claim against defendant George that includes George's repeated use of the pepper spray, the conditions in plaintiff's cell with no water and the pepper spray residue, and George's failure to provide plaintiff with medical attention. Plaintiff also states that he wants damages from defendant Sheriff Carlson for failure to train George in the proper use of pepper spray and treatment of pretrial detainees. He further seeks damages from defendant Deputy Sgt. Stanfield for failure to act to stop George's use of the pepper spray, failure to properly supervise, failure to turn on the water or vents in plaintiff's cell, and failure to provide medical care. At this pleading stage, plaintiff may proceed on individual capacity claims against defendants Carlson and Stanfield.

Additionally, liability against a municipality may attach if persuasive evidence is presented of a training policy or custom, or lack thereof, which reflects a showing of deliberate indifference on the part of a municipality to the constitutional rights of its inhabitants. Palmer v. Marion County, 327 F.3d 588, 597 (7th Cir. 2003) (citing City of Canton v. Harris, 489 U.S. 378, 389-92; Hirsch v. Burke, 40 F.3d 900, 904 (7th Cir. 1994); and Smith v. City of Joliet, 965 F.2d 235, 237 (7th Cir. 1992)). Plaintiff also may proceed on claims against defendant Carlson and Stanfield in their official capacities (which are essentially claims against the Racine County) for Racine County's failure to train and supervise defendant George in the use of pepper spray and the treatment of pretrial detainees. See City of Canton, 389 U.S. at 388.

Plaintiff's complaint does not contain allegations regarding defendant Wisconsin Mutual Insurance Company. "[A]lthough the county's insurance company may be obliged to indemnify county officials found liable in a suit under § 1983, the insurer is not an appropriate party to the suit because it is not a state actor, nor did it deprive [the plaintiff] of any constitutional rights while acting under the color of a state statute." Wagner v. Washington County, 493 F.3d 833, 836 (7th Cir. 2007). Wisconsin Mutual Insurance Company will be dismissed as party to this action.

Finally, plaintiff has filed a motion to appoint counsel. He argues that he is unable to afford counsel, he is unknowledgeable about the law and the rules of the court, and the issues in his case are too complex for a lay person to fully appreciate. Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007); Luttrell v. Nickel,

5

129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)). In this case, plaintiff has provided no indication that he has attempted to secure counsel on his own. He should provide the court with the names and addresses of counsel he has contacted. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated and plaintiff has presented a detailed complaint setting forth his claims against defendants. The plaintiff's request for appointment of counsel is denied without prejudice. Therefore,

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #4) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the following defendants pursuant to Federal Rule of Civil Procedure 4: Deputy Sheriff Alfred George, Sheriff Robert Carlson, and Sgt. Stanfield. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for

waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendants George, Carlson and Stanfield shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that Wisconsin Mutual Insurance Company is **DISMISSED** as a defendant in this action.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $346.92 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2011.

/s
LYNN ADELMAN
District Judge